FILED
2019 May-17 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KURYAKIN C. RUCKER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:17-CV-2144-CLS |
| INDORAMA VENTURES XYLENES & PTA, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Kuryakin Rucker, an African-American male, asserts a claim against his former employer, Indorama Ventures Xylenes & PTA, LLC ("Indorama" or "defendant"), for race discrimination in violation of 42 U.S.C. § 1981.[1] The case presently is before the court on defendant's motion for summary judgment.[2]

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[1] *See* doc. no. 1 (Complaint).
[2] Doc. no. 22.

bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## I. FEBRUARY 28, 2017 PERFORMANCE EVALUATION

Plaintiff asserts that defendant awarded him a "Below Expectations" review on his February 28, 2017 performance evaluation because of race discrimination, and that the rating resulted in a lower salary increase and bonus than other, white employees received.

> To establish a prima facie case for disparate treatment in an employment discrimination case, the plaintiff must show that: "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." *Burke-Fowler v. Orange Cty.*, 447 F.3d 1319, 1323 (11th Cir. 2006).

*Trask v. Secretary, Department of Veterans Affairs*, 822 F.3d 1179, 1192 (11th Cir. 2016) (alterations supplied).

Plaintiff cannot satisfy the *prima facie* case because he cannot prove that defendant treated similarly situated white employees better than it treated him. A plaintiff and his alleged comparator(s) must be "similarly situated in all material respects," including engaging in the same misconduct, being subject to the same supervisor and same workplace rules, and having a similar employment and disciplinary history. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1226-28 (11th Cir. 2019).

Here, plaintiff contends that, like him, Bynum Rogers and Renice Campbell, two white employees in his department, also did not complete all of their assigned

policy revisions, but, unlike him, they did not receive "Below Expectations" ratings on their performance evaluations. Even assuming that Rogers and Campbell had equal responsibility to plaintiff for completing policy revisions,[3] that is where the similarities end. There is no evidence that either Rogers or Campbell demonstrated the other deficiencies that were attributed to plaintiff, including discounting potential interviewees' feedback regarding interview schedules, falling asleep during interviews, and failing to input the leadership team's suggested changes to employment policies. Thus, neither Rogers nor Campbell was similar to plaintiff in all material respects, and neither of those individuals can be considered a comparator for the purpose of plaintiff's *prima facie* case of discrimination. Summary judgment is due to be granted in defendant's favor on plaintiff's claim for race discrimination related to his February 28, 2017 performance evaluation.

## II. FAILURE TO PROMOTE

Plaintiff also asserts that defendant's decision to award the Human Resources Manager position to Rebecca Shelton, who is white, was the result of race discrimination. Russell Wilson, the Plant Manager and final decisionmaker, stated

---

[3] That would be a generous assumption. All the record reflects is that Rogers and Campbell had *some* responsibility for policy revisions, and that they had left *some* policies incomplete. *See* doc. no. 29-2 (Deposition of Rebecca Shelton), at 145-55. There is no evidence that either Rogers or Campbell had the same level of responsibility as plaintiff, or that they demonstrated the same failures to fulfill that responsibility.

that he awarded the position to Shelton because he was attempting to satisfy the requirements of the Purchase and Sale Agreement that governed the acquisition of the facility by Indorama. Indorama was required to provide Shelton with employment that was substantially comparable to the position she held with BP, the previous owner of the facility, and he believed that awarding Shelton the Human Resources Manager position was the only way to satisfy that requirement because the position paid comparably to Shelton's previous one, and it would allow her to retain her status on the leadership team. He also believed Shelton would perform well in the position because she had experience, institutional knowledge, and proven leadership skills.[4]

Those are legitimate, non-discriminatory reasons for defendant's decision, but plaintiff nevertheless can survive summary judgment because he can demonstrate that defendant's proffered reasons are actually a mere pretext for race discrimination. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting *Cooper-Houston v. Southern Railway Co.*, 37 F.3d 603, 605 (11th Cir. 1994)) (holding that a plaintiff's burden at the pretext stage is that of "cast[ing] sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct' . . . .") (alterations supplied). Specifically, defendant

---

[4] Doc. no. 23 (Brief in Support of Defendant's Motion for Summary Judgment), at 20.

offered varying reasons for not placing plaintiff in the Human Resources Manager position. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1194 (11th Cir. 2004) (holding that an employer's inconsistent or "shifting" reasons for an adverse employment decision can be evidence of pretext). When plaintiff first inquired about the position on March 2, 2016, he was told that it was not open and would not be posted because it was being held for Darlene Pope, its previous occupant, who was on indefinite medical leave. Even so, only a couple of weeks later (*i.e.,* by mid to late March), Wilson began to consider placing Shelton in the position, even though she had not applied for it or expressed any interest, out of an expressed concern over satisfying the requirement to place Shelton in a comparable position after the transition from BP to Indorama. By April 8, 2016, Shelton had assumed the position, and plaintiff never was considered. Those shifting explanations are sufficient to call into question defendant's proffered legitimate reasons.[5]

## III. CONCLUSION

Based upon the foregoing, defendant's motion for summary judgment is due to be granted in part and denied in part. An order consistent with this memorandum

---

[5] Plaintiff also alleged in his complaint that defendant failed to grant his request for PhD tuition assistance because of his race. *See* doc. no. 1 (Complaint), at ¶ 47 ("In August, 2016, Plaintiff was denied tuition for his doctorate level college study; however, other Caucasian employees were granted tuition assistance at that time."). Even so, plaintiff abandoned that claim by offering no argument in response to defendant's well-supported assertion that summary judgment is due to be granted in its favor.

opinion will be entered contemporaneously herewith.

DONE this 17th day of May, 2019.

_____
United States District Judge